# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GOOD GUYS PEST CONTROL, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO.: |
| ALLGOOD SERVICES OF GEORGIA, Inc. ) | 1:13-mi-_____-UNA |
| (d/b/a ALLGOOD PEST SOLUTIONS); RUFUS ) | |
| L. TINDOL III, in his official and individual ) | JURY TRIAL DEMANDED |
| capacity; CHARLES L. TINDOL in his official ) | |
| and individual capacity; WILLIAM T. TINDOL, ) | |
| in his official and individual capacity; and JAMES ) | |
| L. ALLGOOD, JR., in his official and individual ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

Plaintiff Good Guys Pest Control, Inc., for its causes of action against Defendant Allgood Services of Georgia, Inc., et al, alleges as follows:

## INTRODUCTION

1.  Plaintiff brings this lawsuit to protect the substantial good will that it has developed over the past 27 years in its distinctive GOOD GUYS PEST CONTROL trade name. Plaintiff's trademark has gained a reputation in the North Georgia and Metro Atlanta areas as being a source of high quality pest control

services.

2. The good will and reputation for quality that Plaintiff has worked so hard to cultivate has been threatened by Defendants' actions. Defendants have used and continues to use a slogan stating that Defendant Allgood Pest Solutions are the "good guys of pest control," which is confusingly similar to Plaintiff's GOOD GUYS PEST CONTROL trade name, to sell identical competing services to the same consumer market served by Plaintiff. Unless Defendant is enjoined from using the slogan "good guys of pest control," such use will continue to cause consumer confusion and will continue to cause irreparable harm to Plaintiff.

3. This action seeks injunctive relief, damages and other appropriate relief arising from Defendants' willful acts of trademark infringement and unfair competition.

## JURISDICTION AND VENUE

4. This is an action for trademark infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

5. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the Lanham Act.

6. The court has supplemental jurisdiction over Plaintiff's state law

claims under 28 U.S.C. § 1367.

7. Defendants' acts of infringement of Plaintiff's protected trademark were committed in the Northern District of Georgia, Atlanta Division, within the jurisdiction of this Court. Defendants advertised, marketed, and promoted their pest control services using the infringing mark in Georgia and have offered their services to residential and commercial customers within Georgia.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391 as Defendants may be found or transacts business in this district and the claims alleged arose and are continuing to occur in this district.

## PARTIES

9. Plaintiff Good Guys Pest Control, Inc. is a corporation organized and existing under the laws of the State of Georgia, having an office and place of business at 142 Sharon Trail, Suwanee, Georgia 30024. Plaintiff is in the business of providing residential and commercial pest control, specializing in termite prevention and treatment.

10. Upon information and belief, Defendant Allgood Services of Georgia, Inc. (doing business as Allgood Pest Solutions) is a corporation organized and existing under the laws of the State of Georgia, having an office and place of business at 2385 Satellite Boulevard, Duluth, Georgia 30096. Defendant is in the

business of providing residential and commercial pest control, specializing in termite prevention and treatment.

11. Upon information and belief, Defendant Rufus L. Tindol, III is an individual who is domiciled in Georgia. Defendant is Chief Executive Officer and an agent of Allgood Services of Georgia, Inc.

12. Upon information and belief, Defendant Charles L. Tindol is an individual who is domiciled in Georgia. Defendant is Secretary and an agent of Allgood Services of Georgia, Inc.

13. Upon information and belief, Defendant William T. Tindol is an individual who is domiciled in Georgia. Defendant is Chief Financial Officer and an agent of Allgood Services of Georgia, Inc.

14. Upon information and belief, Defendant James L. Allgood, Jr. is an individual who is domiciled in Georgia. Defendant is an agent of Allgood Services of Georgia, Inc.

## COUNT I

## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

15. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-14 inclusive, as though fully set forth.

16. As its first ground for relief, Plaintiff alleges federal unfair

competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

17.     Plaintiff's GOOD GUYS PEST CONTROL trade name is not registered with the United States Patent and Trademark Office.

18.     On June 25, 2013, Plaintiff applied for a trademark registration of GOOD GUYS PEST CONTROL. The application number is 85969086.

19.     Although not registered, Plaintiff's trademark rights to the GOOD GUYS PEST CONTROL trade name is protected under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

20.     Plaintiff's protected GOOD GUYS PEST CONTROL trademark is inherently distinctive as applied to Plaintiff's services that bear the mark.

21.     Plaintiff has provided pest control and termite extermination services in United States commerce under the GOOD GUYS PEST CONTROL trade name continuously since 1986.

22.     Plaintiff's services are sold throughout the Metro Atlanta territory. Plaintiff utilizes a website, www.goodguyspestcontrol.com to market its services to customers in the Metro Atlanta territory. Plaintiff markets, promotes, and sponsors community activities under the same trade name in the same territory.

23.     Plaintiff has invested substantial time, effort and financial resources promoting its GOOD GUYS PEST CONTROL trademark in connection with the

marketing and sale of its services. The GOOD GUYS PEST CONTROL trade name has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality service and its goodwill. The consuming public recognizes the GOOD GUYS PEST CONTROL trademark and associates it with Plaintiff.

24. Notwithstanding Plaintiff's established rights in the trademark GOOD GUYS PEST CONTROL, on information and belief, Defendants adopted and used the confusingly similar slogans "good guys of pest control" and "good guys in pest control" in interstate commerce in connection with the sale and offering for sale of pest control services since at least 2008.

25. On May 6, 2013, Plaintiff became aware of Defendants' infringing use of Plaintiff's trade name when Plaintiff's CEO, Charles Guy, observed a print advertisement for Allgood Pest Solutions in a church bulletin of the Catholic Church of Saint Monica in Duluth, Georgia. Defendants' advertisement claimed that Allgood Pest Solutions were "the good guys in pest control."

26. Plaintiff's President, Charles Guy, and Allgood Services of Georgia, Inc.'s Secretary, Charles Tindol, both attend the Catholic Church of Saint Monica on a regular basis.

27. Since May 6, 2013, Plaintiff has captured dozens of instances of

Defendants' infringing use of Plaintiff's GOOD GUYS PEST CONTROL trade name.

28. On June 26, 2013, Plaintiff requested in writing that Defendants cease and desist from their infringing actions. Plaintiff's letter to Defendants is attached as Plaintiff's Exhibit A.

29. On July 15, 2013, Plaintiff received a reply from Defendant regarding the cease and desist demand. Defendants denied all claims and did not address the cease and desist demand.

30. Since June 26, 2013, Defendants have used the infringing slogan "good guys of pest control" in at least three (3) separate instances on social media sites Facebook and Twitter.

31. As of August 13, 2013, Google reports 77 instances where the infringing slogan "good guys of pest control" is used by or in association with Allgood Pest Solutions.

32. As of August 13, 2013, Google reports six (6) instances where the infringing slogan "good guys in pest control" is used by or in association with Allgood Pest Solutions.

33. Defendants' service coverage territory includes the same service territory as Plaintiff.

34. Without Plaintiff's consent, Defendants have used the GOOD GUYS PEST CONTROL trademark in connection with the sale, offering for sale, distribution or advertising of its identical services in the same, overlapping territory to the same or similar customers.

35. Upon information and belief, Defendants have engaged in their infringing activity despite having actual knowledge of Plaintiff's use of the GOOD GUYS PEST CONTROL trade name.

36. Defendants' actions are likely to lead the public to conclude, incorrectly, that their services originate with or are authorized by Plaintiff, which will damage both Plaintiff and the public.

37. Upon information and belief, Defendants have advertised and offered their services using the GOOD GUYS PEST CONTROL trademark with the intention of misleading, deceiving or confusing consumers as to the origin of their services and of trading on Plaintiff's reputation and goodwill.

38. Defendants' unauthorized use of the GOOD GUYS PEST CONTROL trade name in interstate commerce as described above constitutes trademark infringement and unfair competition under 15 U.S.C. § 1125(a) and is likely to cause consumer confusion, mistake, or deception.

39. Defendants' unauthorized marketing and sale of its services in

interstate commerce using their "good guys of pest control" or "good guys in pest control" slogans constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates Defendants' service as originating from or connected with Plaintiff, and constitutes the use of false descriptions or representations in interstate commerce in violation of 15 U.S.C. § 1125(a).

40. As a direct and proximate result of Defendants' trademark infringement and acts of unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits and goodwill and Defendants have and will continue to unfairly acquire income, profits and goodwill.

41. Defendants' trademark infringement and acts of unfair competition will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## COUNT II

## GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT

42. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-37 inclusive, as though fully set forth.

43. As its second ground for relief, Plaintiff alleges violation of the

Georgia Uniform Deceptive Trade Practices Act, Official Code of Georgia ("OCGA") 10-1-370, et seq.

44. Defendants' actions constitute a deceptive trade practice by willfully and knowingly infringing upon Plaintiff's protected GOOD GUYS PEST CONTROL trademark.

45. Defendants used the infringing slogans "good guys of pest control" and "good guys in pest control" in the course of their business and occupations, thereby (a) passing Defendants' services as those of Plaintiff (OCGA 10-1-372(a)(1)); (b) causing the likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendants' services (OCGA 10-1-372(a)(2)); and (c) causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Plaintiff (OCGA 10-1-372(a)(3)). Plaintiff has no adequate remedy at law for the damages caused thereby.

## COUNT III

## GEORGIA FAIR BUSINESS PRACTICES ACT OF 1975

46. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-41 inclusive, as though fully set forth.

47. As its third ground for relief, Plaintiff alleges violation of Georgia

Fair Business Practices Act of 1975, OCGA 10-1-390, et seq.

48. Defendants' unfair and deceptive practices in the conduct of consumer transactions in trade and commerce were unlawful because Defendants willfully and knowingly infringed upon, and are currently infringing upon, Plaintiff's protected GOOD GUYS PEST CONTROL trademark.

49. Defendants used the infringing slogans "good guys of pest control" and "good guys in pest control" in the course of their business and occupations, thereby (a) passing Defendants' services as those of Plaintiff (OCGA 10-1-393(b)(1)); (b) causing actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendants' services (OCGA 10-1-393(b)(2)); and (c) causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Plaintiff (OCGA 10-1-393(b)(3)). Plaintiff has no adequate remedy at law for the damages caused thereby.

## COUNT IV

## FRAUD

50. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-45 inclusive, as though fully set forth.

51. As its fourth ground for relief, Plaintiff alleges violation of Fraud

under OCGA 23-2-55.

52. Defendants willfully and knowingly encroached upon the business of Plaintiff by the use of a similar trademark, name, or device with the intention of deceiving and misleading the public.

53. Defendants' actions and practices constitute fraud when they willfully and knowingly deceived and misled the public by using slogans that were virtually identical to Plaintiff's protected GOOD GUYS PEST CONTROL trademark. Defendants' fraudulent actions and practices are ongoing and in continued use. Plaintiff has no adequate remedy at law for the damages caused thereby.

## REQUEST FOR RELIEF

**WHEREFORE**, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter an Order granting it the following relief:

a) Entering a judgment that Plaintiff's GOOD GUYS PEST CONTROL trademark has been and continues to be infringed by Defendant in violation of 15 U.S.C. § 1125(a);

b) Entering a judgment that Defendants' use of its slogans "good guys of pest control" and "good guys in pest control" constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

c) Entering a judgment that Defendants' use of its slogans "good guys of

pest control" and "good guys in pest control" violates the Georgia Uniform Deceptive Trade Practices Act, in violation of OCGA 10-1-370, et seq.;

      d)      Entering a judgment that Defendants' use of its slogans "good guys of pest control" and "good guys in pest control" violates the Georgia Fair Business Practices Act of 1975, in violation of OCGA 10-1-390, et seq.;

      e)      Entering a judgment that Defendants' use of its slogans "good guys of pest control" and "good guys in pest control" violates Georgia's fraud statute, in violation of OCGA 23-2-55;

      f)      Permanently enjoining and restraining the Defendants and its agents, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them from using its slogans "good guys of pest control" and "good guys in pest control" to market, advertise, distribute or identify Defendants' services where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's mark;

      g)      Pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

      h)      Pursuant to 15 U.S.C. § 1118, requiring that Defendants and all others

acting under Defendants' authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing the infringing designation;

 i) Pursuant to 15 U.S.C. § 1119, enjoining the Director of the United States Patent and Trademark Office from issuing to Defendants any trademark registration for its slogans "good guys of pest control" and "good guys in pest control" or any combination of words or symbols that would create a likelihood of confusion, mistake or deception with Plaintiff's mark;

 j) Awarding Plaintiff all damages it sustained as the result of Defendants' acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

 k) Awarding to Plaintiff all profits received by Defendants from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled, after an accounting pursuant to 15 U.S.C. § 1117;

 l) Awarding treble actual damages and profits pursuant to 15 U.S.C. § 1117(b) because Defendants' conduct was willful within the meaning of the Lanham Act;

 m) Awarding Plaintiff its attorneys' fees and costs pursuant to 15 U.S.C. §1117, because of the exceptional nature of this case resulting from Defendants'

deliberate infringing actions;

n)      Awarding Plaintiff injunctive relief pursuant to the Georgia Uniform Deceptive Trade Practices Act, in violation of OCGA 10-1-370, et seq., and the Georgia Fair Business Practices Act of 1975, in violation of OCGA 10-1-390, et seq.

o)      Awarding Plaintiff equitable relief pursuant to the Georgia fraud statute, OCGA 23-2-55; and

p)      Granting Plaintiff such other and further relief as the Court may deem just.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this day 10th of September 2013,

                Respectfully submitted,

                /s/ Robert S. Bexley
                Robert S. Bexley
                Counsel for Plaintiff,
                Ga. Bar # 777172

                BEXLEY LAW FIRM, LLC
                709 Oakland Way
                Lawrenceville, Georgia 30044
                (770) 633-3919
                robert@bexleylawfirm.com