IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GOOD GUYS PEST CONTROL, Inc., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO: |
| | : | 1:13-CV-3022-TWT |
| ALLGOOD SERVICES OF GEORGIA, Inc. | : | |
| (d/b/a ALLGOOD PEST SOLUTIONS); | : | |
| RUFUS L. TINDOL, III, in his official and | : | |
| individual capacity; CHARLES L. TINDOL, in | : | |
| his office and individual capacity; WILLIAM T. | : | |
| TINDOL, in his official and individual capacity; | : | |
| and JAMES L. ALLGOOD, JR., in his official | : | |
| and individual capacity, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### DEFENDANTS' ANSWER, DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

COME NOW, Allgood Services of Georgia, Inc., Rufus L. Tindol, III, Charles L. Tindol, William T. Tindol and James L. Allgood, Jr., Defendants in the above-captioned action, and file their Answer, Defenses and Counterclaim to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

1

## THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of acquiescence. Plaintiff was or should have been aware of third party uses of the phrase "good guys" in connection with pest control services.

## FOURTH DEFENSE

Defendants' use of the words "good" and "guys" in connection with pest control services is sufficiently different from Plaintiff's claimed mark such that there can be no likelihood of confusion

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands and waiver.

## SIXTH DEFENSE

To the extent Plaintiff has any common law rights in the mark "good guys" for pest control services, such rights are extremely narrow and extend only to a limited geographic area.

## SEVENTH DEFENSE

Defendants have priority of use over Plaintiff to the extent "good guys" is a recognizable trademark in the field of pest control services.

## EIGHTH DEFENSE

Plaintiff has not suffered any damages or irreparable harm as the result of any unlawful conduct engaged in by any Defendant.

**NINETH DEFENSE**

Plaintiff has failed to allege its fraud claim with sufficient particularity, and Plaintiff's fraud claim should be dismissed.

**TENTH DEFENSE**

There is no likelihood of confusion between use by Plaintiff of its alleged mark and use by any Defendant of the words "good guys" in connection with pest control services.

**ELEVENTH DEFENSE**

Plaintiff's alleged marks are invalid and unenforceable.

**TWELVTH DEFENSE**

Plaintiff's federal trademark application for the mark "good guys pest control" is invalid.

**THIRTEENTH DEFENSE**

There has been no actual confusion between marks used by Plaintiff and any Defendant.

**FOURTEENTH DEFENSE**

For their next defenses, Defendants respond to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1.

Denied.

2.

Denied.

3.

Defendants admit Plaintiff purports to seek injunctive relief, damages and other relief, deny Plaintiffs are entitled to such relief, and deny any remaining allegations of this paragraph.

4.

Defendants admit Plaintiff purports to bring an action for trademark infringement, deny Defendants are liable for any such infringement, and deny any remaining allegations of this paragraph.

5.

Defendants admit subject matter jurisdiction is proper before this Court and deny any remaining allegations of this paragraph.

6.

Defendants admit this Court has jurisdiction over Plaintiff's state law claims and deny any remaining allegations of this paragraph.

7.

Denied.

8.

Defendants admit venue is proper before this Court and deny any remaining allegations of this paragraph.

9.

Defendants state they are without information sufficient to admit or deny the allegations in this paragraph.

10.

Defendant Allgood Services of Georgia admits it is a corporation existing under the laws of the State of Georgia with an office and place of business at 2385 Satellite Boulevard, Duluth, Georgia 30096, admits it is in the business of providing residential and commercial pest control, denies it necessarily "specializes" in any particular pest control, and denies any remaining allegations of this paragraph.

11.

Defendants admit Rufus L. Tindol, III is domiciled in Georgia and is president and an agent of Allgood Services of Georgia, Inc.

12.

Admitted.

13.

Admitted.

14.

Admitted.

15.

Defendants reincorporate each response to Paragraphs 1 through 14.

16.

Defendants admit Plaintiff purports to allege federal unfair competition under Section 43(a) of the Lanham Act, deny any liability for any such claims, and deny any remaining allegations of this paragraph.

17.

Admitted.

18.

Defendants state they are without information sufficient to admit or deny the allegations in this paragraph.

19.

Denied.

20.

Denied.

21.

Defendants state they are without information sufficient to admit or deny the allegations in this paragraph.

22.

Defendants state they are without information sufficient to admit or deny the allegations in this paragraph.

23.

Denied.

24.

Denied.

25.

Denied.

26.

Defendants admit Charles Tindol and Charles Guy attend Catholic Church of Saint Monica on a regular basis.

27.

Denied.

28.

Defendants Chuck Tindol, Jimmy Allgood, Rufus L. Tindol III and Allgood Services of Georgia, Inc. admit they received a letter dated June 26, 2013 from Robert S. Bexley, deny such letter is attached to the complaint, and deny any remaining allegations of this paragraph.

29.

Defendants Chuck Tindol, Jimmy Allgood, Rufus L. Tindol III and Allgood Services of Georgia, Inc. admit they responded through counsel to Plaintiff's counsel's June 26, 2013 letter on July 15, 2013, admit that in that letter they denied all claims asserted by Plaintiff to include Plaintiff's request that Defendant cease and desist use of the words "good guys" and deny any remaining allegations of this paragraph.

30.

Defendants admit Allgood Services of Georgia, Inc. sometimes uses the words "good guys of pest control", deny such use infringes any rights of Plaintiff, deny such use has damaged or harmed Plaintiff in any way, and deny any remaining allegations of this paragraph.

31.

Defendants deny that use by Allgood Services of Georgia, Inc. of "good guys in pest control" infringes any rights of Plaintiff and state they are without information sufficient to admit or deny the remaining allegations in this paragraph.

32.

Defendants deny that use by Allgood Services of Georgia, Inc. of "good guys in pest control" infringes any rights of Plaintiff and state they are without information sufficient to admit or deny the remaining allegations in this paragraph.

33.

Defendants admit Allgood Services of Georgia, Inc. provides pest control services throughout Georgia as well as other states and deny any remaining allegations of this paragraph.

34.

Denied.

35.

Denied.

36.

Denied.

37.

Denied.

38.

Denied.

39.

Denied.

40.

Denied.

41.

Denied.

42.

Defendants reincorporate each response to Paragraphs 1 through 41.

43.

Defendants admit Plaintiff purports to alleged violation of the Georgia Uniform Deceptive Trade Practices Act, deny liability for any such claim, and deny any remaining allegations of this paragraph.

44.

Denied.

45.

Denied.

46.

Defendants reincorporate each response to Paragraphs 1 through 45.

47.

Defendants admit Plaintiff purports to allege the violation of Georgia's Fair Business Practices Act, deny any liability for any such claim, and deny any remaining allegations of this paragraph.

48.

Denied.

49.

Denied.

50.

Defendants reincorporate each response to Paragraphs 1 through 49.

51.

Defendants admit Plaintiff purports to allege a violation of fraud, deny any liability for any such claim and deny any remaining allegations of this paragraph.

52.

Denied.

53.

Denied.

**REQUEST FOR RELIEF**

Defendants request a trial by jury on all issues so triable. Defendants deny any allegation not specifically admitted herein, deny that Plaintiff is entitled to the relief

requested in the "Request for Relief" section of its Complaint, and deny Plaintiff is entitled to any other relief whatsoever. Defendants request that Plaintiff's Complaint be dismissed in its entirety with judgment entered in favor of Defendants on all counts, that Defendants be awarded litigation expenses and costs to include reasonable attorney's fees incurred in connection with this matter, and for other relief this Court deems fair and just.

## **COUNTERCLAIM**

NOW COME Defendants in the above-captioned matter and for its counterclaim against the above-named Plaintiff show the Court as follows:

1.

Plaintiff has initiated this action and thus is subject to the jurisdiction and venue of this Court. This Court has jurisdiction over this counterclaim under principals of ancillary jurisdiction.

2.

As evidenced by the allegations set forth in Plaintiff's Complaint and Defendants' responses thereto, an actual controversy exists between Defendants and Plaintiff as to whether Plaintiff holds a valid common law trademark interest in the mark "good guys" or similar variations thereof and if so, whether use of the phrase "the good guys of pest control" by Allgood Services of Georgia, Inc. infringes any rights Plaintiff may have.

## COUNT I – DECLARATORY JUDGMENT

3.

Defendants reincorporate the preceding paragraphs as if incorporated herein in their entirety.

4.

Defendants are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that, among other things, Plaintiff does not own any valid trademark or service mark rights under the laws of the United States or the State of Georgia for the mark "good guys" and that if Plaintiff does own any rights in such mark, any use by Defendants of "good guys of pest control" and similar variations does not violate any rights of Plaintiff under the laws of the United States or the laws of the State of Georgia.

## COUNT II – ATTORNEYS FEES AND LITIGATION EXPENSES

5.

Defendants reincorporate the preceding paragraphs as if incorporated herein in their entirety.

6.

Plaintiff has been stubbornly litigious, acted in bad faith and has caused Defendants unnecessary trouble and expense in this action.  Defendants are therefore entitled to recover from Plaintiff all expenses of litigation, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11 and 15 U.S.C. §1117.

WHEREFORE Defendants/Counter Claimants pray for the following relief:

1. That this Court enter a judgment declaring that Plaintiff does not own any valid trademark or service mark rights under the laws of the United States or the laws of the State of Georgia in the words "good guys" as used in connection with the providing and promotion of pest control services;

2. That this Court enter a judgment declaring that any rights of Plaintiff in the words "good guys" in connection with pest control services are limited by date and geography to specific locations Plaintiff has such provided services, to be determined at trial;

3. That this Court enter a judgment declaring that Defendants' use of the phrase "the good guys of pest control" and similar variations does not constitute infringement of any valid mark owned by Plaintiff;

4. That this Court enter a judgment declaring Plaintiff's trademark application for the mark "good guys pest control" (serial number 85969086) is invalid and unenforceable;

5. That Defendants recover costs incurred in defending this action and bringing this counterclaim, to include reasonable attorney's fees,

6. That this Court grant Defendants such other relief as it may deem equitable and just.

7. That Defendants be afforded a trial by jury on all issues so triable.

This the 18th day of November, 2013.

                            FLYNN PEELER & PHILLIPS LLC

                            */s/Charles E. Peeler*
                            Charles E. Peeler
                            Georgia Bar No. 570399
                            517 West Broad Avenue
                            PO Box 7 (31702)
                            Albany, Georgia 31701
                            Tel: 229-446-4886
                            Fax: 229-446-4884
                            cpeeler@fpplaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GOOD GUYS PEST CONTROL, Inc., : <br> : <br>    Plaintiff, : <br> : <br> v. : <br> : <br> ALLGOOD SERVICES OF GEORGIA, Inc. : <br> (d/b/a ALLGOOD PEST SOLUTIONS); : <br> RUFUS L. TINDOL, III, in his official and : <br> individual capacity; CHARLES L. TINDOL, in : <br> his office and individual capacity; WILLIAM T. : <br> TINDOL, in his official and individual capacity; : <br> and JAMES L. ALLGOOD, JR., in his official : <br> and individual capacity, : <br> : <br>    Defendants. : <br> _____: | CIVIL ACTION NO: <br> 1:13-CV-3022-TWT |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2013, I electronically filed a true and correct copy of the foregoing *DEFENDANTS' ANSWER, DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION* through the Court's CM/ECF system which shall cause service to be electronically made upon the following:

    Robert S. Bexley
    Bexley Law Firm, LLC
    709 Oakland Way
    Lawrenceville, GA  30044

This 18th day of November, 2013.

              FLYNN PEELER & PHILLIPS LLC

              */s/Charles E. Peeler*
              Charles E. Peeler
              Georgia Bar No. 570399
              517 West Broad Avenue
              PO Box 7 (31702)
              Albany, Georgia 31701
              Tel: 229-446-4886
              Fax: 229-446-4884
              cpeeler@fpplaw.com