IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GOOD GUYS PEST CONTROL, Inc., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> : <br> ALLGOOD SERVICES OF GEORGIA, Inc.: <br> (d/b/a ALLGOOD PEST SOLUTIONS); RUFUS : <br> L. TINDOL, III, in his official and individual : <br> Capacity; CHARLES L. TINDOL in his official : <br> And individual capacity; WILLIAM T. TINDOL, : <br> In his official and individual capacity; and JAMES : <br> L. ALLGOOD, JR., in his official and individual : <br> Capacity, : <br> : <br> Defendants. : | Civil Action No. <br> 13-CV-3022-TWT |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1. Description of Case:**

    (a) Describe briefly the nature of this action.

    Plaintiff claims rights to the trademark "Good Guys Pest Control" in connection with pest control services in metro-Atlanta. This is an action alleging claims of unfair competition, deceptive trade practices, violation of Georgia Fair Business Practices Act of 1975, and fraud arising out of Allgood Services of Georgia, Inc.'s ("Allgood") use of the words "good guys of pest control" in connection with pest control services.

    (b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

    Plaintiff claims common law trademark rights in "Good Guys Pest Control" in connection with providing pest control services in metro-Atlanta. Plaintiff

claims to have started using "Good Guys Pest Control" in 1986 as a sole proprietorship and 1996 as a Georgia corporation. Plaintiff claims that Defendant's use of the words "good guys of pest control" infringes common law trademark rights of Plaintiff in "Good Guys Pest Control." Plaintiff claims such infringement has damaged Plaintiff in an amount to be determined at trial.

Defendant responds to Plaintiff's claims by alleging that any common law rights of Plaintiff in "Good Guys Pest Control" are extremely narrow. Defendant further claims to have been using "to be the good guys of pest control" or similar variations prior to Plaintiff's use of "Good Guys Pest Control" in various locations throughout Georgia. Defendant claims its description of itself as "good guys of pest control" does not constitute an infringement of any valid trademark rights of Plaintiff, and that Defendant has not engaged in any unlawful conduct causing any damage or irreparable harm to Plaintiff.

(c) The legal issues to be tried are as follows:

1. Whether and to what extent Plaintiff has valid common law trademark rights in "Good Guys Pest Control."
2. Whether Defendant has infringed any valid common law trademark rights of Plaintiff in "Good Guys Pest Control."
3. Whether Plaintiff has suffered any damages as a result of any unlawful conduct engaged in by Defendant.
4. Whether Plaintiff's claims are barred pursuant to the doctrines of waiver, estoppel, acquiescence, laches, and/or unclean hands.
5. Whether Plaintiff has priority of use over Defendant with respect to Plaintiff's claim of trademark rights in "Good Guys Pest Control."
6. The geographic scope of any trademark rights in "Good Guys Pest Control" belonging to Plaintiff.
7. If Defendant infringed upon any valid common law trademark rights of Plaintiff in "Good Guys Pest Control," whether that infringement was done so knowingly and willfully.
8. To what extent, if at all, there exists an actual or potential likelihood of confusion in Defendant's usage of "good guys of pest control."

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:    None

(2) Previously Adjudicated Related Cases:   None

**2**. This case is complex because it possesses one or more of the features listed below
(please check):

   \_\_\_\_ (1) Unusually large number of parties
   \_\_\_\_\_ (2) Unusually large number of claims or defenses
   \_\_\_\_\_ (3) Factual issues are exceptionally complex
   \_\_\_\_\_ (4) Greater than normal volume of evidence
   \_\_\_\_\_ (5) Extended discovery period is needed
   \_\_\_\_\_ (6) Problems locating or preserving evidence
   \_\_\_\_\_ (7) Pending parallel investigations or action by government
   \_\_\_\_\_ (8) Multiple use of experts
   \_\_\_\_\_ (9) Need for discovery outside United States boundaries
   \_\_\_\_\_ (10) Existence of highly technical issues and proof
   \_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: Robert Bexley, Georgia Bar Number 777172, Bexley Law Firm, LLC, 709 Oakland Way, Lawrenceville, GA 30044, 770-633-3919, robert@bexleylawfirm.com

Defendant: Charles Peeler, Georgia Bar Number 570399, Flynn Peeler & Phillips, LLC, 517 West Broad Avenue, Albany, Georgia 31701, 229-446-4886, cpeeler@fpplaw.com

**4. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

\_\_\_\_Yes \_\_X\_No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

(b) The following persons are improperly joined as parties:

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

Defendant listed as "William T. Tindol" should be listed as "William P. Tindol".

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of

discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties have agreed to serve initial disclosures on or before January 6, 2013.

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time.

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

<u>By the Defendant</u>

The use of Plaintiff's claimed trademark by date, manner and geographic scope.
Plaintiff's allegations that Defendant's use of "the good guys of pest control" is likely to cause consumer confusion with Plaintiff's claimed trademark "Good Guys Pest Control."
Plaintiff's allegation that it has suffered damages and irreparable harm.
Defendant's waiver, estoppel, unclean hands, and acquiescence defenses.
Any claims of actual confusion by Plaintiff.

<u>By the Plaintiff</u>

The extent of Defendant's use of "good guys of pest control" by date, manner and geographic scope.
Details regarding the use of "good guys of pest control" in print and online marketing, including the motivation behind the use of the phrase, individuals responsible for choosing that specific phrase, and efficacy of the marketing.
Defendant's defenses of waiver, estoppel, unclean hands, and acquiescence.
Defendant's claim of use of the "good guys of pest control" prior to 1986.
The amount of Internet traffic, revenue, and new clients generated as a result of Defendant's online advertisements from the use of the phrase "good guys of pest control."

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

At this time, the parties anticipate discovery can be completed within the assigned discovery track. Each party reserves the right to extend the discovery period for good cause shown.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None at this time.

(b) Is any party seeking discovery of electronically stored information?

_____X___ Yes _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties foresee the production of electronically stored information reflecting trademark usage and marketing efforts involving "good guys of pest control," and Plaintiff's claimed marks but do not anticipate such production will be overly voluminous.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties agree electronically stored information will be produced in TIFF, .pdf or native format and may be produced on paper or disk with or without metadata.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties anticipate entry of a consent protective order governing the treatment of confidential business information that may be produced during this case.

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they

conducted a Rule 26(f) conference that was held on December 5, 2013, and that they participated in settlement discussions.   Other persons who participated in the settlement discussions are listed according to party.

For plaintiff:       /Robert S. Bexley/

For defendant:     /Charles E. Peeler/

    (b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

        (_____) A possibility of settlement before discovery.
        (__X__) A possibility of settlement after discovery.
        (_____) A possibility of settlement, but a conference with the judge is needed.
        (_____) No possibility of settlement.

    (c) Counsel(__X____) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is December 13, 2013.

    (d) The following specific problems have created a hindrance to settlement of this case.   None at this time.

**14. Trial by Magistrate Judge:**

    Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

    (a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

    (b) The parties (___X___) do not consent to having this case tried before a magistrate judge of this Court.

*s/ Robert Bexley*                                                       *s/ Charles E. Peeler*
Counsel for Plaintiff                                             Counsel for Defendant

* * * * * * * * * * * *

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 20____.

_____
UNITED STATES DISTRICT JUDGE